UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
WESTERN SURETY COMPANY,

        Plaintiff,                No. 08 Civ. 3478 (LTS)(FM)

-against-

PRIMARIS AIRLINES, INC.

        Defendant.
-----------------------------------------------------------------

## PRELIMINARY PRE-TRIAL STATEMENT

The following has been consented and agreed to by MICHAEL P. O'CONNOR, Esq., attorney for the plaintiff, WESTERN SURETY COMPANY, and NORMAN B. ARNOFF, Esq., attorney for the defendant, PRIMARIS AIRLINES, INC., as stated:

    a)    <u>A concise statement of the nature of this action.</u>

The plaintiff herein, WESTERN SURETY COMPANY, is licensed to do business as a surety on U.S. Customs bonds. The defendant, PRIMARIS AIRLINES, INC., is an international carrier, which operates an airline for transportation of cargo subject to U.S. Customs, taxes, duties, assessments and possible penalties.

U.S. Customs requires that entities acting as an international carrier, post a "International Carrier Bond", to ensure compliance with all regulatory and statutory requirements, concerning clearance of cargo into the United States 19 U.S.C. § 1623, 19 C.F.R. § 113.64).

On or about January 25, 2005, and again on November 27, 2006, defendant, PRIMARIS AIRLINES, INC., requested that the plaintiff, WESTERN SURETY COMPANY, post international carrier bonds on its behalf.

Consequently, on January 15, 2005 and November 27, 2006, the plaintiff, WESTERN SURETY COMPANY, did execute and deliver to the United States of America, international carrier bonds in the form prescribed by the U.S. Customs Service, whereby plaintiff bound unto the United States the total sum of $175,000.00, in which the plaintiff statutorily agreed to guarantee the regulatory obligations of the defendant to the United States.

In consideration of WESTERN SURETY's execution of those bonds, WESTERN required that PRIMARIS execute an "Indemnity Agreement" which was executed by the defendant on January 4, 2005 and again on November 15, 2006.

The indemnity agreement specifically provided that:

> To indemnify and save harmless Company from and against any and all liability, claim, demand, loss, damage, expense, cost, attorney's fees and expenses, included without limitation, fees and disbursements of counsel incurred by the Company in any action or proceeding between the indemnitor and the Company, or between the Company and any third party, which Company shall at any time incur by reason of its execution of any bond or its payment of or its liability to pay any claim, irrespective of whether the claim is made against the Company as a joint or several obligor and whether the indemnitor is then liable to make such payment, and to place the Company in funds to meet all its liability under any bond, promptly upon request and before Company may be required to make any payment thereunder; and copy of the claim, demand, voucher or other evidence of the payment by the Company of any liability, claim, demand, loss, damage, expense, cost and attorney's fees, shall be prima facie evidence of the fact and amount of Indemnitor's liability to Company under this agreement.  <u>Any demand upon the Company by the Obligee shall be sufficient to conclude that a liability exists</u> (emphasis added) and the Indemnitor shall then place the Company with sufficient funds in a form and amount deemed acceptable in the Company's sole discretion, as collateral security to cover the liability.

Subsequently, the U.S. Customs Service issued eight (8) demands for payment again plaintiff, on behalf of defendant, PRIMARIS AIRLINES, INC., in the total amount of $1,584,199.36.

Based upon the $175,000.00 total penal limit of the bond for each year, plaintiff faces potential liability based upon those demands in the sum of $175,000.00.

This action is seeking to enforce the indemnity agreement, specifically the collateral security clause, demanding that defendant place the plaintiff in funds in the amount of $175,000.00, based upon those demands. Plaintiff is further seeking costs and attorney's fees, pursuant to defendant's obligations under the indemnity agreement.

b)  <u>The basis of the Court's jurisdiction</u>

Defendant has admitted that this Court is the proper forum pursuant to 28 U.S.C. § 1352, since this is an action based upon a U.S. Customs bond executed pursuant to 19 U.S.C. § 1623, and further this Court has jurisdiction based upon diversity of citizenship.

c)  <u>A concise statement of all material uncontested or admitted facts</u>

All parties agree that plaintiff did post a bond on behalf of the defendant, and that defendant did execute the indemnity agreement.

d)  <u>A concise statement of all uncontested legal issues</u>

See "c" above.

e)  <u>A concise statement of all legal issues to be decided by the Court</u>

The issue to be determined by this Court is whether or not the plaintiff, based upon the indemnity agreement, is entitled to collateral based upon the demands issued by U.S. Customs.

f)  <u>A concise statement of material facts disputed</u>

The material facts in dispute is that the defendant has raised the defense that the plaintiff is not entitled to cash collateral based solely upon the issuance of demands from U.S. Customs.

g)  <u>A concise statement by each plaintiff and counterclaimant of the legal basis of each cause of action asserted</u>

See "f" above

h)  <u>Each party's concise statement of the legal basis of each defense asserted</u>

See "f" above

i)  <u>A concise statement of the measure of proof and on whom the burden of proof falls</u>

The plaintiff has the burden of proof upon the preponderance of the evidence that the U.S. Customs has issued demands as against the bonds.

j) <u>Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required</u>

It is not anticipated that there will be any substitution or addition of parties.

The plaintiff may seek to amend the pleadings to demand <u>reimbursement</u> rather than cash collateral, in the event that during the pendency of this action, plaintiff is compelled to make payment to U.S. Customs.

k) <u>A statement as to whether all parties consent to transfer of the case to a magistrate judge</u>

Plaintiff would consent to the transfer of a magistrate judge for all purposes, including trial.

l) <u>What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a)</u>

Plaintiff does not request any further discovery and requests a cut off date of 60 days, and no expert evidence is to be required or anticipated at this time.

m) <u>The subjects on which disclosure may be needed and a proposed discovery cut-off date</u>

See "l" above.

n) <u>Whether and to what extent expert evidence will be required</u>

See "l" above.

o) <u>What, if any, changes should be made in the limitations on discovery</u>

See "l" above.

p) <u>The status of settlement discussions and the prospects for settlement</u>

There have not been any fruitful settlement discussions.

q) <u>A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected</u>

The plaintiff would consent to a trial without a jury

r)   <u>Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c)</u>

It is not anticipated that any further orders will be requested by the plaintiff under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

Dated: New City, New York
July 8, 2008

/s/ Michael P. O'Connor
_____     _____ ***
Michael P. O'Connor, Esq. (MO1550)     Norman B. Arnoff, Esq.
LAW OFFICES OF MICHAEL P. O'CONNOR     BURKHART WEXLER & HIRSCHBERG
Attorneys for Plaintiff     Attorneys for Defendant
10 Esquire Road, Suite 14     585 Stewart Avenue
New City, NY 10956     Garden City, NY 11530
Tel: 845-638-1956     Tel: 516-222-2230


***Pursuant to the Court's directive, forwarded document to attorney's counsel, with request for review, input and execution; however, never received a response or an executed copy.